UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CASS B. SCRIPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-00381 |
| | ) | Judge Aleta A. Trauger |
| AGENCY FOR THE PERFORMING, | ) | |
| ARTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Before the court is plaintiff Cass B. Scripps' Objection (Docket No. 34) to the magistrate judge's Report and Recommendation issued on May 8, 2018 (Docket No. 33). The magistrate judge recommends that Scripps' Motion for Hearing on his Motion for Temporary Injunction (Docket No. 7) be denied and that APA's Motion to Stay Pending Arbitration (Docket No. 8) be granted. The defendant, Agency for the Performing Arts, Inc. ("APA") has filed a Response (Docket No. 37), and Scripps has filed a Reply (Docket No. 39).

When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Scripps is a talent agent who was—and may still be, pending resolution of the legal issues in this case—employed by APA in Nashville. On April 11, 2018, he filed suit in Tennessee state

1

court against APA, seeking declaratory judgment that APA (1) had constructively discharged him; (2) had no right to enjoin him from working elsewhere, and; (3) had no right to enjoin potential employers from hiring him. The following day, Scripps sought injunctive relief to prevent APA from communicating otherwise to any third party. That same day, pursuant to the arbitration provisions in the parties' employment agreement, APA submitted a demand for arbitration with JAMS.[1] A week later, APA removed the case to this court, and the following day Scripps filed his Emergency Motion for Hearing on Temporary Injunction and APA filed its Motion to Stay Pending Arbitration. The court referred the matter to the magistrate judge, who conducted a hearing on April 23, 2018. On April 26, 2018, Scripps filed a Supplemental Memorandum in Support of Motion for Temporary Injunction and in Opposition to Defendant's Motion to Stay Pending Arbitration, in which he clarified that the preliminary relief he sought from the magistrate judge was "only an injunction (1) providing that Mr. Scripps' employment with APA has terminated and (2) enjoining APA from stating that it was not."[2] (Docket No. 20 at 2.) The magistrate judge recommends that Scripps' request for preliminary injunctive relief be denied and that APA's motion to stay proceedings pending arbitration be granted.

---

[1] The employment agreement states that all disputes "arising out of or related to Employee's employment with Employer or the termination of that employment" are subject to arbitration. (Docket No. 8-1 at 9.)

[S] Scripps has since slightly altered his requested relief as follows:

"1. Remove Mr. Scripps [sic] name from its website and any and all APA marketing materials;
2. Return Mr. Scripps [sic] phone number to him;
3. Refrain from continuing to deposit money into Mr. Scripps' bank account. . . .
4. That no non-competition provision exists in the Employment Agreement."

(Docket No. 35 at 2.)

Scripps objects to the magistrate judge's recommendation on two grounds, both related to the magistrate judge's interpretation and application of *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373 (6th Cir. 1995), in which the Sixth Circuit set forth the standard for when a district court may grant injunctive relief in advance of arbitration. The Sixth Circuit held:

> [I]n a dispute subject to mandatory arbitration under the Federal Arbitration Act, a district court has subject matter jurisdiction under § 3 of the Act to grant preliminary injunctive relief provided that the party seeking the relief satisfies the four criteria which are prerequisites to the grant of such relief. We further conclude that a grant of preliminary injunctive relief pending arbitration is particularly appropriate and furthers the Congressional purpose behind the Federal Arbitration Act, where the withholding of injunctive relief would render the process of arbitration meaningless or a hollow formality because an arbitral award, at the time it was rendered, could not return the parties substantially to the status quo ante.

*Id.* at 1380 (citations and quotation marks omitted). Scripps' specific objections are twofold. First, he objects that the magistrate judge misidentified the relevant status quo by finding that Scripps' status quo was employment with APA. Second, he objects that the magistrate judge failed to properly evaluate Scripps' likelihood of success on the merits.

However, Scripps' objections are immaterial because the court no longer has authority to grant injunctive relief. As noted above, the standard set forth in *Performance Unlimited* allows district courts to grant temporary injunctive relief only *in advance* of arbitration. The Sixth Circuit explained:

> In *Grall*, the court noted that a "district court's authority to issue [preliminary] injunctive relief extends only until the arbitrators can determine the temporary injunctive relief necessary to maintain the status quo." *Grall*, 836 F.Supp. at 430 (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano*, 999 F.2d 211, 215 (7th Cir. 1993). "Once assembled, an arbitration panel can enter whatever temporary injunctive relief it deems necessary to maintain the status quo . . . . '[C]ourts are ill-advised to extend the injunction once arbitration proceeds.'" *Id.* at 431 (quoting *Salvano*, 999 F.2d at 215)) . . . .

3

> [O]nce the arbitration begins, it is for the arbitrators to decide how to maintain the status quo during the pendency of the arbitration process. This approach will both minimize the district court's involvement in the merits of this contractual dispute, and it will preserve the ability of the arbitration panel to fully address the merits of the dispute.

*Performance Unlimited, Inc.*, 52 F.3d at 1386 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Grall*, 836 F. Supp. 428, 430 (W.D. Mich. 1993)).

Since the magistrate judge issued his Report and Recommendation on May 8, 2018, Wayne Thorpe has been appointed to arbitrate the parties' dispute. (*See* Docket No. 44-1 (May 25, 2018 letter from Lauryn Hall, JAMS Case Manager informing parties of Thorpe's appointment).) The arbitration will take place in Nashville, pursuant to Scripps' request. (Docket No. 37-3.) On May 30, 2018, Hall notified the parties via email that a preliminary conference call would be scheduled with Thorpe once JAMS received a retainer payment for the matter. (Docket No. 44-3.) APA paid the retainer later that day. (*See* Docket No. 44 at 2 (Declaration of Alfredo Ortega, counsel for APA).) The next day, Ortega confirmed that the retainer had been received and that a preliminary conference call was imminent. (*Id.*) At this stage, the Sixth Circuit's guidance is clear: whatever injunctive relief is available to Scripps must be determined by the arbitrator. Contrary to Scripps' assertion that "emergency" injunctive relief is unavailable to him in arbitration, *see* Docket No. 39 at 3, the parties' arbitration agreement provides that "[t]he arbitrator may award any form of remedy or relief (including injunctive relief) that would otherwise be available in court and any such form of remedy or relief awarded must comply with applicable state and federal law." (Docket No. 8-1 at 12.) Rule 24(e) of the JAMS Employment Arbitration Rules and Procedures states that "[t]he Arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection and conservation of property and disposition of disposable goods." (*Id*. at 26.) The parties have an arbitrator in place

4

who is armed with the full arsenal of equitable relief that this court could provide. The record indicates that the preliminary conference call initiating the arbitration will take place imminently, if it has not taken place already. The arbitrator is thus adequately positioned to address Scripps' request for a temporary injunction. Sixth Circuit precedent precludes the court from intruding into the arbitration proceedings at this juncture.

For these reasons, Scripps' Objection is **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that Scripps' Motion for Emergency Hearing on Motion for Temporary Injunction (Docket No. 7) is **DENIED**, APA's Motion to Stay Pending Arbitration is **GRANTED**, and this case is **STAYED** pending the results of the parties' arbitration.

It is so ORDERED.

ENTER this 12th day of June 2018.

_____
ALETA A. TRAUGER
United States District Judge